IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARVEY L. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-57-TWO |
| | ) | |
| | ) | |
| DR. MILLARD McWHORTOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Harvey L. Jackson ["Jackson"], a county inmate, challenges actions taken against him during his confinement in the Covington County Jail. The plaintiff seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, the defendants filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief.  In these reports, the defendants assert that this case is due to be dismissed because the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Specifically, the defendants maintain that with respect to the claims presented in the instant complaint the plaintiff failed to pursue the administrative remedies available to him in the Covington County Jail via the jail's inmate grievance procedure. *Defendant Finley's Special Report* at 5-6; *Defendant McWhorter's Special Report* at 2-3.

Upon review of the defendants' exhaustion defense, the court entered an order allowing the plaintiff an opportunity to show cause why this case should not be dismissed for his failure to exhaust available administrative remedies. *See Order of May 3, 2005 - Court Doc. No. 11*. The order specifically cautioned the plaintiff that his failure to file a response to this order would result in the dismissal of this case. *Id.* at 2. The plaintiff has filed nothing in response to the order entered on May 3, 2005. In light of the foregoing, the court concludes that this case should be dismissed without prejudice as the plaintiff has failed to exhaust his available administrative remedies.

## DISCUSSION

Jackson complains that during his confinement in the Covington County Jail the defendants failed to provide him with adequate treatment for his medical conditions. In addressing the plaintiff's complaint, the defendants argue that this case is subject to dismissal because the plaintiff failed to exhaust an available administrative remedy as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The plaintiff does not dispute this assertion.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." Section 1997e(a) mandates exhaustion "regardless of the relief offered through [the available] administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001); *see also Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) and *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998). "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth*, 532 U.S. at 741 n.6. Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325.

It is undisputed that the Covington County Jail provides a grievance procedure for inmate complaints. The evidentiary materials filed in this case demonstrate that the plaintiff failed to file an inmate grievance challenging the actions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.

It is further

ORDERED that on or before June 15, 2005 the parties shall file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of June, 2005.

          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE